IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GRAMERCY PARC APARTMENTS, LLC | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-3295 |
| | * | |
| WALKER & DUNLOP, LLC | * | |
| Defendant. | | |

******

## MEMORANDUM OPINION

Pending in this case for breach of contract is a motion to dismiss filed by Defendant Walker & Dunlop, LLC ("Defendant") (ECF No. 30). The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, the motion is granted.

**I.   BACKGROUND**

On September 29, 2016, the United States District Court for the District of Nevada transferred the above-captioned case to this Court. ECF No. 20. That same day, this Court informed the attorneys who represented Plaintiff Gramercy Parc Apartments, LLC ("Plaintiff") in the proceedings before the Nevada District Court, Elaine Dowling and Harold Gewerter, that they were not members in good standing of our bar. ECF No. 21 at 1–2. Thus, their appearance had not been entered in this case. The attorneys were directed to notify the Court within fourteen days whether they would be seeking admission to this Court or if another attorney would be entering an appearance on Plaintiff's behalf. *Id.* The Court's letter was returned undeliverable as to Mr. Gewerter, and Ms. Dowling did not respond. *See* ECF No. 22.

1

On January 6, 2017, the Court reminded Ms. Dowling and Mr. Gewerter in writing that they had not applied for membership to this Court's bar or moved to appear *pro hac vice*. ECF No. 28. The Court's letter also explained that, under this Court's Local Rules, only individuals may represent themselves; "[a]ll parties other than individuals must be represented by counsel." *See* Local Rule 101.1(a) (D. Md. July 2016). Therefore, the Court explained that unless it hears from counsel "by January 19 concerning your representation of Plaintiff, an order will be issued and mailed directly to Plaintiff, to show cause why its claims should not be subject to dismissal." ECF No. 28. Again, the letter to Mr. Gewerter was returned undeliverable and Ms. Dowling did not respond.

On February 28, 2017, Defendants filed a motion to dismiss pursuant to Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure. *See* ECF No. 30. The Clerk informed Plaintiff in writing through its registered agent of the pending motion to dismiss. *See* ECF No. 31. This letter was returned undeliverable. *See* ECF No. 32. The parties do not provide any other address for Plaintiff besides the address of Mr. Gewerter, Ms. Dowling, and Plaintiff's registered agent located at 10161 Park Run Drive, #150, Las Vegas, NV 89145. However, an attachment to Defendant's motion to dismiss also includes a separate business address for Plaintiff. *See* ECF No. 30-2.

On June 8, 2017, the Court issued an Order to Show Cause asking Plaintiff to provide good cause within fourteen days of the Order's issuance why its case should not be dismissed pursuant to the Court's January 6, 2017 letter and Fed. R. Civ. P. 41(b). *See* ECF No. 34. The Clerk sent copies of the Order to Defendant, Plaintiff's business address, Plaintiff's registered agent, as well the attorneys Mr. Gewerter and Ms. Dowling. The mailing to Plaintiff's registered agent was returned undeliverable on June 19, 2017 but the other copies appear to have reached

the remaining recipients. It is now June 26, 2017 and Plaintiff has failed to respond to the Court's Order.

## II. ANALYSIS

Under Rule 41(b) of the Federal Rules of Civil Procedure, the Defendant "may move to dismiss the action or any claim against it" where the Plaintiff has failed to prosecute the action or failed to comply with the Rules or the Court's orders. Unless otherwise stated, dismissal under Rule 41(b) "'operates as an adjudication on the merits,' that is, with prejudice." *Rahim, Inc., v. Mindboard, Inc.*, No. GLR-16-1155, 2017 WL 1078409, at *2 (D. Md. Mar. 22, 2017) (quoting Fed. R. Civ. P. 41(b)). A dismissal with prejudice under Rule 41(b) is "a harsh sanction which should not be invoked lightly," particularly because the Fourth Circuit recognizes "the sound public policy of deciding cases on their merits." *Id.* (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). Accordingly, the Court must consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). Relevant here, "[w]here a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (Mem.) (citing *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989)).

Here, Plaintiff has unquestionably failed to prosecute its case. This is so even after several written warnings that failure to obtain counsel could result in dismissal of the case and the Defendant's filing of a dispositive motion. *Ballard*, 882 F.2d at 95 (noting the importance of warning plaintiff prior to dismissal). Application of the Fourth Circuit's four-factor test compels

this conclusion. Regarding the first factor, although Plaintiff's counsel rather than Plaintiff repeatedly ignored the Court's orders, it is proper to hold clients to "some measure of responsibility both for selecting competent attorneys and, more important, for supervising their conduct in representing them under ordinary principles of agency." *Doyle v. Murray*, 938 F.2d 33, 35 (4th Cir. 1991). "But this must always be done with an eye to the realities of a client's practical ability to supervise and control his attorney's litigation conduct." *Id.* Here, Plaintiff's counsel failed to even enter their appearances in this case since its transfer nine months ago. Plaintiff bears some responsibility to make sure that it is adequately represented, and any doubt regarding Plaintiff's knowledge of its counsel's absence was resolved when the Court sent a copy of the June 8 show cause Order directly to Plaintiff's business address. Accordingly, this factor favors dismissal.

The second factor—prejudice to the defendant—also supports dismissal. Plaintiff's non-participation in this litigation has left Defendant "in limbo as to the status of the case against [it]." *J.M. v. Logan Cty. Bd. of Educ.*, No. 2:15-CV-04822, 2016 WL 164323, at *2 (S.D.W. Va. Jan. 13, 2016). Defendants have also incurred expenses in preparing its motion to dismiss which, if history is any indication, will go unanswered indefinitely regardless of any additional efforts the Court may expend to secure a response.

Third factor the Court must consider is whether Plaintiff's conduct is isolated, or is part of a history of dilatoriness, and the need to deter such conduct. *Khepera-Bey v. Santander Consumer USA Inc.*, No. WDQ-11-1269, 2013 WL 451325, at *4 (D. Md. Feb. 4, 2013). Plaintiff, through counsel, has ignored this Court's orders and completely abdicated its role in prosecuting the case since its transfer. *Cf. J.M.*, 2016 WL 164323, at *2 (holding that plaintiff acted in dilatory fashion after a "nearly complete failure to participate in this civil action since

summons were submitted over five months ago"); *Khepera-Bey*, 2013 WL 451325, at *4 (holding that plaintiff acted in a dilatory fashion, in part, for ignoring the rules and orders of this Court). Accordingly, this factor also favors dismissal.

Finally, in light of Plaintiff's lack of participation in this case, less drastic sanctions would be ineffective. The Court has already twice warned Plaintiff and its counsel that the case would be subject to dismissal unless it demonstrated some cause as to their failure to prosecute. *See Ballard*, 882 F.2d 93, 96 (4th Cir. 1989) (finding that the plaintiff's noncompliance with show cause order left district court with "little alternative to dismissal" because "[a]ny other course would have placed the credibility of the court in doubt and invited abuse"); *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir. 1994) ("Where the pattern of dilatory conduct is clear, dismissal need not be preceded by the imposition of less severe sanctions." (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993))). The Court can think of no other way to encourage Plaintiff to participate in its own case, and so it is left with no other option but dismissal.

### III. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is granted and Plaintiff's complaint is dismissed with prejudice. A separate order will follow.

 6/27/2017                  /S/ 
Date          Paula Xinis
        United States District Judge